## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Mark Filip | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6271 | **DATE** | November 15, 2007 |
| **CASE TITLE** | Terrell Jones (Prisoner Number R-53358) vs. Donald A. Hulick, Warden | | |

**DOCKET ENTRY TEXT:**

Petitioner's motion for leave to proceed *in forma pauperis* (D.E. 4) is respectfully denied. Petitioner's motion for appointment of counsel (D.E. 3) is likewise denied without prejudice. Petitioner is directed to: (1) pay the $5.00 statutory filing fee; and (2) show cause why the petition should not be stayed or dismissed without prejudice for failure to exhaust state court remedies prior to seeking federal habeas review. Failure to comply with these directives within thirty days of the date of this order will result in summary dismissal of this case pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Terrell Jones, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seemingly is attempting to challenge his convictions, which were the result of guilty pleas, for possession of heroin—apparently on the ground that pop star Beyoncé Knowles has a contract with some unnamed party that allows her to decide whether Petitioner will be in prison or freed, and she secretly has been keeping Petitioner in jail because she is "play[ing] [G]od, so to speak." (D.E. 1 at 10.)

Petitioner's motion for leave to proceed *in forma pauperis* is respectfully denied for lack of a sufficient showing of indigence. Petitioner's financial affidavit reveals that he has a current balance of $56.87 in his prison trust account. Because Petitioner is a prisoner for whom the State provides the necessities of life, such assets do not qualify him for pauper status. *See, e.g., Longbehn v. United States*, 169 F.3d 1082, 1083-84 (7th Cir. 1999) (citing *Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987)). Petitioner is financially able to pay the $5.00 statutory filing fee for habeas corpus petitions and must do so if he wishes to proceed with this action. He may pay by check or money order made payable to the Clerk, United States District Court, Northern District of Illinois. If Petitioner does not pay the filing fee within thirty days, the Court will dismiss this case.

In addition, Petitioner is ordered to show good cause in writing why the petition should not be summarily dismissed without prejudice for failure to exhaust state court remedies prior to filing suit. An inmate who seeks to challenge a state conviction under 28 U.S.C. § 2254 presumptively must first exhaust his state court remedies as to all his claims. *See, e.g., Rose v. Lundy*, 455 U.S. 509, 515 (1982). In the case at bar, Petitioner indicates that he neither appealed his conviction nor filed a post-conviction petition. If Petitioner has failed to exhaust available state court remedies, then his federal habeas petition is not ripe for review. *See, e.g., Bailey v. Ryker*, No. 07 C 1759, 2007 WL 2410117, at *1-2 (N.D. Ill. Aug. 15, 2007);

**STATEMENT (continued)**

*Rico v. Hinsley*, No. 04 C 5081, 2007 WL 2225903, at *4 (N.D. Ill. Aug. 1, 2007) (collecting authorities). In the event that it is now too late to pursue a direct appeal or a collateral attack in state court (Petitioner indicates that he was convicted in March 2006), the Court cannot consider Petitioner's procedurally defaulted claims. "Failure to exhaust available state court remedies constitutes a procedural default." *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001) (citing *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999)). To avoid procedural default, a habeas petitioner must fully and fairly present his federal claims to the state courts before he may obtain federal review of those same claims. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *accord*, *e.g.*, *Rodriguez v. Scillia,* 193 F.3d 913, 916 (7th Cir. 1999) (collecting cases).

To the extent that Petitioner objects to the conditions of his confinement (in his filing, he vaguely references various disputes with other inmates), he must file a separate lawsuit and not raise the claims in this putative Section 2254 habeas action. Put differently, to the extent Petitioner has any non-frivolous Section 1983 claims (a subject on which the Court takes no position), the Court cannot consider such putative Section 1983 claims in the context of a habeas challenge to Petitioner's heroin convictions. Before deciding whether to pursue any Section 1983 action, Petitioner is respectfully cautioned to perform some basic legal research, as his claims appear to potentially be frivolous under the law and *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Should Petitioner bring a separate Section 1983 action, he will incur an irrevocable obligation to pay the statutory filing fee of $350.00, whether or not the case survives a preliminary review under 28 U.S.C. § 1915. *See*, *e.g.*, *Newlin v. Helman*, 123 F.3d 429, 433-34 (7th Cir. 1997). Furthermore, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Finally, Petitioner's motion for appointment of counsel is respectfully denied without prejudice at this time, because it is premature. Counsel must be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if the interests of justice so require. *See*, *e.g.*, Rule 8(c), Rules Governing Section 2254 Cases. Unless and until the petition survives the Court's threshold review, appointment of counsel is not warranted.

For the foregoing reasons, Petitioner is ordered to: (1) pay the $5.00 statutory filing fee and (2) show good cause in writing why the petition should not be dismissed for failure to exhaust state court remedies prior to seeking federal habeas review. Failure to comply with these directives within thirty days of the date of this order will result in summary dismissal of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.