# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Mark Filip | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6271 | **DATE** | 1/28/2008 |
| **CASE TITLE** | Terrell Jones (Prisoner Number R-53358) vs. Donald A. Hulick, Warden | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, Petitioner Terrell Jones's petition for a writ of habeas corpus (D.E. 1) is respectfully dismissed without prejudice for failure to exhaust state court remedies prior to seeking federal habeas review. The case is terminated pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

*Mark Filip*

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Terrell Jones ("Petitioner"), a state prisoner, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner seemingly was attempting to challenge his Illinois narcotics convictions—apparently on the ground that pop star Beyoncé Knowles had a contract with some party that allowed her to decide whether Petitioner should be in prison or freed, and she secretly was unfairly keeping Petitioner in jail because she is "play[ing] [G]od, so to speak." (D.E. 1 at 10.)

By Minute Order of November 15, 2007 (D.E. 7), the Court ordered Petitioner to pay the $5.00 filing fee for his Petition and to show good cause in writing why the Petition should not be dismissed without prejudice or stayed for failure to exhaust state court remedies prior to filing suit. Petitioner has since responded, but his responses do not address the issue of failure to exhaust and instead are filled with irrelevant allegations and statements, including lewd sexual comments about Ms. Knowles and other fantasies that Petitioner has about her. For the reasons set forth below, the Petition is respectfully dismissed without prejudice for failure to exhaust state court remedies.

As an initial matter, the Court notes that Petitioner complied with the order to pay the $5.00 filing fee. (*See* D.E. 9.) However, Petitioner now claims, while proffering records that do not appear to support his claim and in fact seem to contradict it, that he paid the fee twice and therefore is entitled to a $5.00 refund from the Clerk of the District Court. (D.E. 12 at 1.) The Court has reviewed the docket and has independently confirmed with the Court's Fiscal Department that Petitioner paid the filing fee in this case only once. Petitioner's request for a $5.00 payment/refund is therefore denied without prejudice. If Petitioner believes he has records that actually support the claim (he proffered only one largely illegible "offender authorization for payment," which would not tend to suggest that he paid twice, even if the largely illegible document is what he purports it to be), Petitioner is free to file another motion about the subject, which motion will be considered anew. For the present, however, the records Petitioner has tendered, as well

## STATEMENT

as an independent check by the Fiscal Department in the Clerk of Court's Office, do not support the claim that Petitioner is owed a check from the Clerk of the Northern District of Illinois.

As to the exhaustion issue, Petitioner's response to the November 15, 2007 Minute Order (D.E. 13) is unhelpful. In the response, Petitioner does not discuss further whether or not he pursued state court review of his convictions. In his Petition, in the section that is intended to elicit information about state court exhaustion, Petitioner flatly stated that he did not file a direct appeal to the Illinois Appellate Court—because "I just didn't appeal yet" (D.E. 1 at 5)—and he also flatly stated that he did not attempt to seek direct review in the Illinois Supreme Court (*id.* at 5-6), another step required under well-settled law. *See, e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999) (holding that habeas petitioner needed to seek discretionary review in the Illinois Supreme Court to exhaust potential state court remedies before seeking federal habeas review). Instead, in his November 15, 2007 filing, Petitioner expands upon the ludicrous sorts of claims he made in his Petition about Ms. Knowles—*e.g.*, that Ms. Knowles authorized him to quit boot camp without adverse consequence, but she now will not exercise her power to free him from prison (*see, e.g.*, D.E. 1 at 10, 13)—by making salacious and lewd comments about Ms. Knowles and other subjects. (*See, e.g.*, D.E. 13 at 2, 3.) Petitioner also references several irrelevant legal concepts (*e.g.*, letters of marque and reprisal, and the prohibition in America against government grants of nobility (*see id.* at 1)), and further accuses the trial judge of corruption and of conspiring with Ms. Knowles to rape and to murder him. (*Id.*) Petitioner also accuses Ms. Knowles, a private citizen, of violating the Fourth Amendment by stalking him and taking photos of him in his backyard. (*Id.* at 2.)

As the Court previously advised Petitioner, an inmate like him who seeks to challenge a state conviction under 28 U.S.C. § 2254 presumptively must first exhaust his state court remedies as to all his claims. *See, e.g.*, *Rose v. Lundy*, 455 U.S. 509, 515 (1982). The Petition filed in this case flatly acknowledges that Petitioner neither appealed his conviction nor filed a post-conviction petition. (*See, e.g.*, D.E. 1 at 5-6.) Petitioner's other filings in no way indicate or even suggest that he has pursued the proper state court channels for review of his conviction. Because Petitioner has failed to exhaust his state court remedies, his federal habeas petition is not ripe for review. *See, e.g.*, *Bailey v. Ryker*, No. 07 C 1759, 2007 WL 2410117, at *1-2 (N.D. Ill. Aug. 15, 2007); *Rico v. Hinsley*, No. 04 C 5081, 2007 WL 2225903, at *4 (N.D. Ill. Aug. 1, 2007) (collecting authorities). As a result, the Petition is dismissed without prejudice for failure to exhaust the requisite state court remedies. If Petitioner wishes to challenge his Illinois conviction, he should attempt to do so expeditiously in the Illinois Appellate Court or other appropriate Illinois legal forum; under the law, he must exhaust all avenues of direct appellate review in Illinois (*i.e.*, he must also timely seek review from the Illinois Supreme Court). Thereafter, if he is unsuccessful in the Illinois courts, he may, if he wishes to, seek federal habeas review.

It may be too late for Petitioner to pursue a direct appeal or a collateral attack in state court (Petitioner indicates that he was convicted in June 2006); if so, Petitioner may face further procedural hurdles. *See Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001) ("Failure to exhaust available state court remedies constitutes a procedural default.") (citing *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999)). Nonetheless, the more restrained course at this time appears to be for this Court to dismiss without prejudice, so that Petitioner may, if he wishes, attempt to present any claims to the Illinois courts, which can decide whether any time-bars are in play and whether any exceptions might exist under state procedural law if they are.

To the extent that Petitioner objects to the conditions of his confinement (many of Petitioner's claims seem to allege that he has been in some way mistreated by Beyoncé Knowles, prison officials, and/or other inmates), he must file a separate lawsuit and cannot raise such claims in this putative Section 2254 habeas

## STATEMENT

action. Put differently, to the extent Petitioner has any non-frivolous Section 1983 claims (a subject on which the Court takes no position), the Court cannot consider such putative Section 1983 claim(s) in the context of a habeas challenge to Petitioner's narcotics convictions. Before deciding whether to pursue any Section 1983 action, Petitioner is respectfully cautioned to perform some basic legal research, as his claims appear to potentially be frivolous under the law and *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). (Ms. Knowles is not a state actor, and thus any Section 1983 claims are particularly flawed as against her.) Should Petitioner bring a separate Section 1983 action, he will incur an irrevocable obligation to pay the statutory filing fee of $350.00, whether or not the case survives preliminary review under 28 U.S.C. § 1915. *See, e.g.*, *Newlin v. Helman*, 123 F.3d 429, 433-34 (7th Cir. 1997). Furthermore, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Before concluding, the Court notes, with respect to the habeas claim, that the Court has *sua sponte* considered whether there is any potential issue of whether an exception to the exhaustion requirement might be in play. With all respect, none exists, and Petitioner, of course, has not claimed or even suggested that one does. The Illinois Appellate Court and Illinois Supreme Court are certainly available to hear any and all claims that Petitioner has conceivably identified in his papers. Furthermore, the Court notes that it has *sua sponte* considered whether to stay the Petition, as opposed to dismissing it without prejudice, until Petitioner has fully exhausted in state court; in this case, like in *Moore v. Mote*, 368 F.3d 754 (7th Cir. 2004), Petitioner has not exhausted any putative claims, and he has not completed a single stage of the Illinois appellate review. Once Petitioner fully exhausts appropriate claim(s) that he wishes to present, he may file a habeas petition under Section 2254. Thus, staying the case is unnecessary to protect his ability to receive fair review of appropriately exhausted and presented federal habeas claim(s). *Accord, e.g.*, *Mote*, 368 F.3d at 755; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2005) (explaining that, even for so-called "mixed petitions" where, unlike in the instant case, at least some claims are properly exhausted, a trial court nonetheless abuses its discretion by ordering a stay where putative claims are, like the putative Beyoncé-Knowles-will-not-agree-to-exercise-her-power-to-release-me-from-prison allegations, plainly baseless). If Petitioner for some reason wishes to have this Petition reinstated and immediately stayed pending exhaustion in state court, he is free to so move the Court, which will consider the request anew at that time. For the present, however, the Petition is respectfully dismissed for failure to exhaust state court remedies prior to seeking federal habeas review. The case is terminated pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

So ordered.